22 C. C. P. A. (Patents)

## In re CORDES.

### Patent Appeal No. 3395.

Court of Customs and Patent Appeals.
April 15, 1935.

Lawrence C. Kingsland and John D. Rippey, both of St. Louis, Mo. (John H. Cassidy, of St. Louis, Mo., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting all of the claims of appellant's application, four in number, for lack of invention over the prior art.

Claim 1 is illustrative and reads as follows: "1. In a device of the class described the combination including a liquid supply tank, a carbureting chamber in communication with the tank, means adapted to maintain a constant liquid level in said chamber, a fixed air nozzle in the chamber, an air tank, a conduit between said air tank and said nozzle, a pressure regulator in said conduit, a service pipe leading from said chamber, and a pressure regulator in said pipe."

The references cited are: Garred, 568,-672, September 29, 1896. Cornish, 750,433, January 26, 1904. Colbath, 763,965, July 5, 1904. Bruce, 768,732, August 30, 1904.

Appellant's alleged invention is well described in the decision of the Examiner as follows:

"The invention relates to a system for producing a combustible gaseous mixture for use as a domestic fuel. In such systems air is brought into contact with light liquid hydrocarbon, usually gasoline, which vaporizes into the air and produces the mixture which is supplied to the burners for use.

"Appellant provides a submerged blast type carburetor in which the liquid is maintained at a constant level over the submerged air inlet. He also maintains the air inlet at a constant pressure by means of a suitable pressure regulator and places a similar regulator in the gaseous mixture outlet to maintain a constant delivery pressure. The mixture is supplied to a plurality of burners, any or all of which may be operating at any one time and the demand for the mixture therefore is variable. Appellant states that normally such a variable demand would tend to cause the quality of the mixture to vary but that by providing a constant level carburetor and a constant pressure at the air inlet he produces a uniform mixture under all conditions."

The patent to Garred relates to a machine for generating gas and shows a carbureting chamber having a submerged air inlet and a float for maintaining a constant level of liquid supplied from the tank.

The patent to Cornish also shows a similar arrangement, including a constant level, submerged blast carburetor.

The patent to Bruce shows a carburetor not of the constant level type, with pressure regulators upon either side of the carbureter, that is to say, a pressure regulator in the air pipe leading to the carbureter and a pressure regulator in the service pipe leading from the carbureter to the burners. The patent states: "The objects of this invention are, first, to provide an improved carbureter in which the introduction of the air and the liquid hydrocarbon in proper proportions is automatically controlled; second, to provide an improved carbureter in which the amount of carbureted air produced is controlled by the amount consumed; third, to provide an improved carbureter in which practically all of the liquid hydrocarbon is utilized; fourth, to provide an improved carbureter which although simple and compact in structure is of large capacity and is economical to produce and not likely to get out of repair."

The patent to Colbath shows a carbureter, not of the constant level type, and a pressure regulator between the carbureting chamber and the burners.

The Board of Appeals and the Examiner held that all of the elements of the combination set out in the involved claims were old; that it was old to maintain uniform pressure in gas-mixing apparatus in which the liquid was not maintained as a body in the carbureting chamber; that it was old to maintain the level of the body constant in the type of apparatus disclosed in appellant's application, and that it would not involve invention to add the pressure control disclosed in the Bruce patent to the type of carbureter shown by Garred or Cornish, in which the body of the liquid is maintained at a constant level.

The Board of Appeals in its decision stated: "In the present instance we believe that any one familiar with the constant liquid level type of carbureter, upon seeing in the Bruce patent the desirability of maintaining a constant pressure on the air would receive the suggestion of applying a pressure control to the constant liquid level type. We cannot discover that any unexpected result flows from the addition of the pressure control. We believe that the additional advantage of the pressure control would be the same with both types of carbureters."

Appellant concedes that the elements of his combination are old, as is disclosed by the references, but contends that his combination of elements is new, and, as a matter of law, cannot be held to be anticipated because no single reference cited shows all of the elements or their mechanical equivalents, or the function of his new combination. In this contention he relies upon our decision in the case of In re Dann, 47 F.(2d) 356, 358, 18 C. C. P. A. (Patents) 1031. This case does not support appellant's contention. In our opinion, speaking of the combination there involved, we said: " * * * The combination was not obvious to one skilled in the art, and, in our opinion, involves invention. * * *"

We there quoted with approval from a decision of the Commissioner of Patents in the case of Ex parte McCullum, 1914 C. D. 70, as follows: "In determining the patentability of a claim over features found only in a plurality of references it is necessary to consider the structural differences specified in the claims, as well as their functional differences or result. If the structures of the several references cannot be combined without the exercise of invention, even though the result is old, the claims should be allowed. If the structures of the references may be combined or substituted one

for the other and the combined function or result is new, the claim should be allowed. It is only when both the structural features found in the references may be combined without invention to meet the structure called for by the claim and the function or result involves no invention that the claim should be rejected."

In passing upon the patentability of combination claims we have frequently combined references and held that, in view of such references, an alleged new combination would be obvious to one skilled in the art, and hence unpatentable. The case of In re Farrand, 49 F.(2d) 1035, 1037, 18 C. C. P. A. (Patents) 1452, is illustrative of this class of cases. The claims there involved were combination claims. The elements of the combination were not found in any single reference, but one element was disclosed in one of the references and the other two elements of the combination were disclosed in another of the references. In holding that the claims there involved were unpatentable, we said:

"* * * The modifications of these old elements requisite to produce appellant's device were, in our opinion, merely a matter of mechanical skill. * * *

"It seems to us that the combination is obvious to persons skilled in the art and, therefore, not new or novel in the patentable sense."

We are therefore of the opinion that the only question here involved is whether appellant's combination would be obvious to one skilled in the art having the Bruce, Garred, and Cornish patents before him.

Both the patentee Bruce and appellant had the same objective, viz., the securing of a uniform gaseous mixture; both employed pressure regulators for this purpose, but appellant, by the use of a constant level type of carbureter, secures, no doubt, a more nearly uniform mixture than could be secured with the Bruce apparatus. The Examiner, in his statement, expressed the opinion that Bruce would produce a uniform mixture under all conditions, but that, assuming that appellant secures a somewhat better mixture, no new result was produced rendering his combination patentable. It is our view that no unexpected result is secured by appellant's combination and that one skilled in the art, with the Bruce, Garred, and Cornish patents before him, would realize that by substituting in the Bruce apparatus the constant level type of carbureter shown by Garred or Cornish for the carbureter shown by Bruce a more uniform mixture would be secured. Therefore, the new combination did not require the exercise of the inventive faculty. If this substitution were made, the claims here involved would read upon the Bruce apparatus.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.